```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CARMEN MILGROS CASTRO,

                  Plaintiff,
                                       MEMORANDUM & ORDER
          -against-                    18-CV-7093(JS)(SIL)

ABHI REALTY, SHAH HINTENDRIA,

                  Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Carmen Milgros Castro, pro se
                   685 Broadway, Apt. A
                   Massapequa, New York 11758

For Defendants:    No appearance.
```

SEYBERT, District Judge:

On December 10, 2018, pro se plaintiff Carmen Milagros Castro ("Plaintiff") filed a Complaint in this Court against Abhi Realty and Shah Hintendria ("Hintendria" and together, "Defendants") pursuant to the New York State Human Rights Law, N.Y. Executive Law § 296. (See Compl., Docket Entry 1.) Accompanying the Complaint is an application to proceed in forma pauperis. (See IFP Mot., Docket Entry 2.)

On January 22, 2019, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry 7.) The Amended Complaint appears to be identical to the original Complaint with the exception of the place of Hintendria's citizenship. (Compare Compl. ¶ II.B.2.a. with Am. Compl. ¶ II.B.2.a.) Upon review of the application to proceed in forma pauperis, the Court finds that

Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, because the Court lacks subject matter jurisdiction, the Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and FED. R. CIV. P. 12(h)(3).

BACKGROUND[1]

Plaintiff's Amended Complaint is submitted on the Court's general complaint form and is brief. Plaintiff alleges that she resides in Massapequa, New York, and that Abhi Realty is incorporated under the laws of the State of New York and Hintendria is a resident of Syosset, New York, and is a citizen of India. (Am. Compl. ¶¶ I.A.-B., II.B.2.) Although Plaintiff has not checked either box on the form Complaint to allege the basis of this Court's subject matter jurisdiction, in the space on the form that calls for the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at

---

[1] All material allegations in the Complaint and are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

issue in this case," Plaintiff wrote: "New York State Human Rights Law (Executive Law, Article 15) Section 296)." (Am. Compl. ¶ II.A.) Plaintiff has also responded to the questions on the form to allege that this Court's subject matter jurisdiction is invoked because the parties' citizenship is diverse. (Am. Compl. ¶ II.B.) Plaintiff does not include a sum in the space that calls for the amount in controversy. (Am. Compl. ¶ II.B.3.) Rather, Plaintiff alleges:

> My human rights have been violated due to safety in a resident unit that was not legal at the time I signed my lease. It is not currently considered a legal apartment and I have been harassed, forced to spend my own money on repairs, and have not received support from my landlord.

(Am. Compl. ¶ II.B.3.)

In its entirety, Plaintiff's Statement of Claim alleges:

> 3/5/18 – landlord has not replaced kitchen equiptment (stove); 7/19/18 – reported complaint regarding other tenants; 8/28/18 – threatened by party with home-made bomb; 7/26/18 – defendant used my mental health status against me, making false claims to problem oriented policing, 7th Precinct, involved in monitoring.

(Am. Compl. ¶ III.) In the space on the form complaint that calls for the relief sought, Plaintiff wrote "N/A". (Am. Compl. ¶ IV.)

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

## II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id.; see FED. R. CIV. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are embodied in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 1244, 163 L.

Ed. 2d 1097 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. Id. Subject matter jurisdiction may be established pursuant to § 1331 where a claim arises under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States. Arbaugh, 56 U.S. at 513, 126 S. Ct. at 1237. A claim alleging federal question subject matter jurisdiction "may be dismissed for want of subject matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10, 126 S. Ct. at 1237 n.10.

Here, Plaintiff does not allege that her claims arise under any federal laws. Rather, Plaintiff alleges that her claims arise exclusively under the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. And, the Court knows of no legal theory that would provide relief to Plaintiff under any federal law under the circumstances alleged in the Complaint. Accordingly,

6

Plaintiff has failed to properly invoke this Court's federal question subject matter jurisdiction.

Given Plaintiff's pro se status, the Court has also considered whether this Court's diversity jurisdiction may be invoked. However, this case lacks complete diversity between parties as Abhi Realty is expressly alleged to be a citizen of New York, the same state as Plaintiff. 28 U.S.C. § 1332. And, because Plaintiff does not seek any monetary relief in the Complaint, the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. Accordingly, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980), pro se litigants still must establish subject matter jurisdiction to avoid dismissal. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction). Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and FED. R. CIV. P. 12(h)(3). Plaintiff may pursue any state law claims she may have against Defendants in state court.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and FED. R. CIV. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the Plaintiff and to mark this case CLOSED.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated: July __2__, 2019
       Central Islip, New York